UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA J. ROBINSON,<br>    Plaintiff,<br>v.<br><br>GOSIGER MACHINE TOOLS, LLC,<br>and GOSIGER HOLDINGS, INC.,<br>    Defendants. | )<br>)<br>) Cause No:   1:18-cv-194<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Joshua Robinson, by counsel, Colby A. Barkes of the law firm BLACHLY, TABOR, BOZIK & HARTMAN LLC, and for Plaintiff's Complaint against Defendants, Gosiger Machine Tools, LLC, and Gosiger Holdings, Inc., states to the Court as follows:

## JURISDICTION

1.     Plaintiff, Joshua J. Robinson (hereinafter "Robinson" or the "Plaintiff") is at times relevant to his Complaint a citizen of Whitley County, Indiana; domiciled in Columbia City, Indiana.

2.     Defendant, Gosiger Holdings, Inc., was at all times relevant to Plaintiff's Complaint a for-profit foreign corporation licensed to do business and is engaged in doing business in the State of Indiana, with its principal place of business located at 108 Mcdonough Street, Dayton, Ohio.

3.     Defendant, Gosiger Holdings, Inc., operates within its Indiana-region as Defendant, Gosiger Machine Tools LLC (hereinafter collectively "Gosiger" or "Defendants") which, at all times relevant to Plaintiff's Complaint, is a for-profit foreign corporation licensed to do business and is engaged in doing business in the State of

Indiana, with its principal place of business located at 108 Mcdonough Street, Dayton, Ohio.

4.    At all times relevant to Plaintiff's Complaint, Defendants do business as Gosiger with a local office within its Indiana-region located at 4627 Independence Square, Indianapolis, Indiana, and has at all relevant times herein.

5.    During all times relevant to Plaintiff's Complaint, Plaintiff was employed at Defendants for work as part of Gosiger's Indiana Service Team, and Gosiger primarily assigned Plaintiff the work of travel within and between the states of Michigan, Kentucky, Ohio and Indiana.

6.    This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. The matter at controversy involves a federal question of law, including the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., as amended.

## FACTUAL BACKGROUND

7.    Robinson was employed by Gosiger during the period of June 10, 2013 [1] through around February 12, 2018.

8.    During times relevant to Plaintiff's Complaint, Robinson was one of around sixteen (16) employees working at Gosiger's Indiana-region which has its office located in Indianapolis, Indiana.

9.    During times relevant to Plaintiff's Complaint, Robinson was employed at Gosiger working as a service technician as part of Gosiger's Indiana Service Team located in Indianapolis, Indiana. [Ex.A]

10.    During all relevant times herein, Plaintiff was an employee of Defendants and

---

[1] A copy of Robinson's job offer letter dated June 7, 2013, is attached hereto marked as Exhibit A and incorporated herein by reference.

Defendants were his employer within the meaning of the FLSA.

11.    Upon hiring, Robinson's hourly pay rate at Gosiger was Twenty-five dollars ($25.00). [Ex.A p.1]

12.    Robinson worked as a non-exempt service technician for Gosiger five (5) days per workweek. Robinson was assigned a company vehicle. [Ex.A p.1] Gosiger required from Robinson the work of travel within and between service territories of Indiana, Michigan, Ohio and Kentucky.

13.    Robinson was to be paid overtime at one and one-half times his hourly rate by Gosiger. [Ex.A p.1]

14.    During his employment at Gosiger, Robinson received merit increases in his rate of pay based upon economic business conditions for job performance "...As Expected or above...". [Ex.A p.1]  Robinson's hourly pay rate was $27.45 when the employment relationship ended around February 12, 2018.

15.    At times relevant to Plaintiff's Complaint, Gosiger had no local office in the Fort Wayne area. Gosiger's Indiana Service Team, of which Robinson was a part, had no normal commuting area in the Fort Wayne area.

16.    Robinson was an hourly employee at Gosiger required to report his clock-in and clock-out times for each of his work shifts.

17.    As a member of Gosiger's Indiana Service Team, Robinson's workday began when he performed the work of travel from the location that Gosiger required Robinson to park his company vehicle (Robinson's home in Columbia City, Indiana) to a job site where service was required by a customer of Gosiger, which travel was part of Robinson's principal activity during his workday. Robinson worked while riding.

3

Robinson's work while riding was performed outside of Gosiger's normal commuting area. Depending on the length of time required for service, Robinson may also have been required to perform the work of travel from job site to job site during his workday. As part of his workday Robinson was further required to return his company vehicle and this work of travel was also part of Robinson's principal activity at Gosiger

18.    Robinson's travel was part of his principal activity at Gosiger. One of Robinson's essential job functions at Gosiger was the work of driving within and between the states of Indiana, Michigan, Ohio and Kentucky.

19.    Robinson worked while riding to perform service for his employer's customers, which travel was outside the normal commuting area for his employer's business.

20.    Robinson was required by the service manager (Bob Whaley) of Gosiger's Indiana Service Team to record his start time as thirty (30) minutes later than when he actually began his work while riding, which travel was outside of Gosiger's normal commuting area and part of Robinson's principal activity at Gosiger.

21.    Robinson was also required by the service manager (Bob Whaley) of Gosiger's Indiana Service Team to record the end of his work shift as 30 minutes earlier than when Robinson actually completed his work while riding outside of a normal commuting area, which was all in a day's work and as part of Robinson's principal activity at Gosiger.

22.    Robinson was regularly reminded by the service manager (Bob Whaley) of Gosiger's Indiana Service Team, and the boss who had supervisory authority over all service groups nationwide, to subtract a total of one hour from Robinson's actual hours

4

worked for each workday.

23.     Between June 2013 and February 2018, Robinson performed unpaid work for Gosiger.

24.     Between June 2013 and February 2018, Robinson is owed overtime for work he performed at Gosiger.

25.     Gosiger required members of its Indiana Service Team, including Robinson to reduce the actual number of hours they worked by a total of one hour to avoid payment of straight time and overtime to Plaintiff and others. It was suggested to Robinson that Gosiger chose a 30-minute reduction based on the national average for normal commute time to/from the workplace which should not be deducted as an IRS tax business expense.

26.     Earned wages for straight-time and overtime hours during the tenure of Robinson's employment at Gosiger remains due and owing to the Plaintiff.

27.     Gosiger paid Plaintiff biweekly, but failed to pay Plaintiff for all hours he worked.

28.     Gosiger paid Plaintiff biweekly, but failed to pay Plaintiff overtime work at the rate of one and one-half times Plaintiff's regular hourly wages.

29.     Robinson submitted his claim for unpaid wages to the Indiana Department of Labor prior to filing Plaintiff's Complaint.[2] [Ex.B] Because Robinson lost one hour each day he was employed at Gosiger, from June 10, 2013 through around February 12, 2018, and his hourly pay rate $25.00 or more, the potential value of Robinson's claim exceeds $6,000. [Ex.B]

_____

[2] A copy of Robinson's unpaid wage claim #18-16776 filed May 23, 2018, with the Indiana Department of Labor is attached as Exhibit B, and incorporated herein by reference.

<u>Verification</u>

I hereby swear or affirm, under the penalty and pains of perjury, that the above fact representations of in paragraphs 7 through 29 are true and accurate.

JOSHUA J. ROBINSON

30.     Robinson's unpaid wage claim to the Indiana Department of Labor has been assigned to the undersigned attorney to pursue. [3] [Ex.C]

31.     Around May 29, 2018, the Office of the Attorney General provided the undersigned authorization to pursue an unpaid wage claim against Gosiger on behalf of Robinson. [Ex.C]

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, as amended

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN, LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

32.     Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

33.     During all relevant times herein, Plaintiff was an employee of Gosiger and said was his employer within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. ("FLSA"), and the Portal to Portal Act of 1947, 29 U.S.C. §262 et seq., as amended.

34.     Plaintiff was a non-exempt employee of Gosiger's Indiana Service Team who earned, but did not receive, compensation for time worked, together with time and one-

---

[3] A copy of the Attorney General's assignment of wage claim #18-16776 dated May 29, 2018, is attached as Exhibit C, and incorporated herein by reference.

half pay for time spent over 40 hours per workweek from Gosiger during his employment (from June 10, 2013 through February 12, 2018).

36. When Plaintiff began working at Gosiger and throughout tenure of his employment at Gosiger, Robinson's workday began when he performed the work of driving to one of Gosiger's customer's from the location Gosiger required Robinson to park his company vehicle (Robinson's home in Columbia City, Indiana), which travel was part of Robinson's principal activity during his workday, and Robinson's work while riding each workday was performed outside of Gosiger's normal commuting area.

36. Throughout Robinson's tenure of employment at Gosiger, as part of his workday Robinson was required to return his company vehicle, which travel was performed outside of Gosiger's normal commuting area and this work of driving was part of Robinson's principal activity at Gosiger.

37. When Plaintiff began working at Gosiger and throughout tenure of his employment at Gosiger, Gosiger required Robinson to deduct a total of one hour from hours he actually worked during his workday before making record of his hours for Gosiger. Gosiger commonly referred to this routine deduction as so-called "drive time".

38. Gosiger paid Robinson an hourly wage, but failed to pay for all hours he worked.

39. Robinson earned but was not compensated for overtime by Gosiger. Gosiger paid Robinson an hourly wage, but failed to pay Robinson for all overtime he worked at the rate of one and one-half times Plaintiff's regular hourly wages.

40. Gosiger improperly failed to compensate Robinson for all time he was discharging his work-related duties, including the work of driving, for Gosiger when

7

travel was a principal activity for Robinson and performed outside of Gosiger's normal commuting area.

41.     Gosiger has not claimed that the FLSA laws do not apply to Robinson or that Robinson is exempt from compensable time requirements.

42.     Upon information and belief, other service team members were also required by Gosiger to deduct a total of one (1) hour each workday from hours he/she actually worked before making record of his/her hours for Gosiger. Upon information and belief, Gosiger failed to compensate other service team members for all hours worked for time he/she was discharging work-related duties for Gosiger, and failed to compensate for all overtime he/she worked at the rate of one and one-half times their respective regular hourly wages.

43.     The FLSA requires an employer to pay its employees for all hours worked .The FLSA also requires an employer to pay its employees a rate at least one and one-half their regular rate for time worked in one workweek over forty (40) hours, which is commonly known as the time-and-a-half pay for overtime work.

44.     Robinson was not paid for all hours he worked at Gosiger because of Gosiger's unfair labor practices.

45.     At times, Robinson was incorrectly paid straight time at his regular hourly wage for his time worked at Gosiger in one workweek over forty (40) hours because of Gosiger's unfair labor practices.

46.     Despite working overtime Robinson was not paid time and one-half pay from Gosiger for all overtime he worked because of Gosiger's unfair labor practices.

47.     Gosiger failed to make a good faith effort to investigate the application of the

8

Fair Labor Standards Act to its Service Team employees, including without limitation Robinson.

48.    Gosiger adopted an illegal policy of reducing hours of Service Team employees who travel outside of Gosiger's normal commuting area as part of their principal activity by one (1) hour each workday to avoid payment of earned wages and avoid overtime pay in accordance with the FLSA in violation of the FLSA.

49.    Earned wages for straight-time and overtime hours during the tenure of Robinson's employment at Gosiger remains due and owing to the Plaintiff.

50.    Plaintiff suffered damages as a result of Defendants' violations of the FLSA.

51.    Defendants engaged in the conduct knowingly, intentionally, willfully, and in reckless disregard of Plaintiff's federally protected civil rights under the FLSA.

52.    The FLSA makes any employer who violates section 215(a)(3) liable for such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, promotion, the payment of lost wages as well as an additional equal amount as liquidated damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff, by counsel, request relief of the Court against Defendants consisting of all damages afforded by law including, but not limited to, the following:

a.    Judgment against Defendants for an amount equal to Plaintiff's back pay and front pay in lieu of reinstatement,
b.    Judgment against the Defendants for damages of lost employment benefits,
c.    Judgment against the Defendants for compensatory damages;
d.    Costs, attorney's fees, expert witness fees,
e.    Pre- and post-judgment interest, and
f.    All other just and proper relief in the premises against Defendants, jointly and severally.

9

## COUNT II -- LOST WAGES
## VIOLATION OF I.C. § 22-2-9 (The Indiana Wage Claims Statute)
## AND/OR I.C. § 22-2-5 (The Indiana Wage Payment Statute)

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

53.     Plaintiff incorporates by reference paragraphs 7 through 52 of Plaintiff's Complaint as though fully set forth herein.

54.     Robinson began employment at Defendants around June 10, 2013.

55.     During his employment at Gosiger, Gosiger failed or refused to make payment to Robinson for all of his earned and uncompensated wages in violation of the Indiana Wage Payment Statute, Indiana Code § 22-2-5.

56.     The Parties are in dispute over the amount of wage due and owing to Robinson by Gosiger.

57.     Robinson lost one hour of pay each day he was employed at Gosiger, from June 10, 2013 through around February 12, 2018, at his hourly pay rate $25.00, which rate of pay increased during Robinson's tenure of employment at Gosiger.

58.     Around May 29, 2018, the Office of the Attorney General provided the undersigned authorization to pursue an unpaid wage claim against Gosiger on behalf of Robinson. [Ex.C]

59.     Pursuant to Indiana Code § 22-2-9 et seq., acceptance by Robinson of any payment made by Gosiger representing his wages does not constitute a release of any balance of Robinson's claim.

10

60.     Defendants' arbitrary decision to withhold one hour of so-called "drive time" each workday from Robinson's pay throughout tenure of Robinson's employment at Gosiger caused Robinson to be denied his earned wages to which he was entitled; which was unlawful, unreasonable, unjust, improper and in violation of I. C. § 22-2-5.

61.     As a direct and proximate result of Defendants' improper activity as described herein, Robinson has suffered actual lost wages.

62.     Robinson made written demand of Gosiger for his unpaid wages prior to filing Plaintiff's Complaint.

63.     Robinson submitted his claim for unpaid wages to the Indiana Department of Labor prior to filing Plaintiff's Complaint. [Ex.B]

64.     Gosiger failed to make a good faith effort to pay Robinson his earned and uncompensated wages.

65.     Robinson, in accordance with I.C. § 22-2-5-2, is entitled to a reasonable fee for the Plaintiff's attorney and costs, plus liquidated damages for the failure to pay wages, which Plaintiff shall be paid an amount equal to two (2) times the amount of wages due Robinson by Gosiger.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law from Defendant, National Facility Services LLC including, but not limited to, the following:

    a.    Judgment against the Defendants in an amount to be determined at trial;
    b.    Compensatory and/or liquidated damages;
    c.    Expenses of litigation and reasonable attorney fees and costs;
    d.    Prejudgment interest at the statutory rate; and
    e.    All other just and proper relief in the premises against Defendants.

## COUNT III
## CONVERSION

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

66.    Plaintiff incorporates by reference paragraphs 7 through 52 of Plaintiff's Complaint as though fully set forth herein.

67.    Pursuant to I.C. § 34-24-3-1, et seq. (Indiana Crime Victims' Compensation Act (CVCA)), and related criminal statutes, including by not limited to I.C. § 25-43-4-3, the amounts owed to Robinson are not just a simple debt, but constitute a specific chattel. As such, the deliberate and intentional nonpayment of wages owed to Robinson constitutes a wrongful taking of money rightfully belonging to Robinson. Theft is a property crime and a felony under Indiana law.

68.    Gosiger misappropriated wages earned by Robinson for its own benefit and to Robinson's detriment.

69.    As a proximate result of Gosiger's acts of conversion, Robinson has been deprived of his property rights and suffered damages in an amount to be determined at trial.

70.    The aforementioned acts of Gosiger were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages to Robinson.

71.    As the civil conversion statute applies to the amounts owed Robinson, Robinson is entitled to an award under the civil conversion statute not to exceed three times his actual loss, the cost of this action and reasonable attorney fees.

12

WHEREFORE, the Plaintiff, by counsel, requests relief of the Court consisting of all damages afforded by law including, but not limited to, the following:

a.   Judgment against the Defendants in an amount to be determined at trial;
b.   Expenses of litigation and reasonable attorney fees and costs;
c.   Pre- and post-judgment at the statutory interest rate; and
d.   All other just and proper relief in the premises against Defendants.

Respectfully submitted,
**Blachly, Tabor, Bozik & Hartman, LLC**


Colby A. Barkes (Atty. #26251-64)
56 Washington St., Suite #401
Valparaiso, IN 46383
Ph. (219) 464-1041
Fax (219) 464-0927
cabarkes@btbhlaw.com
Attorney for Plaintiff


## JURY DEMAND

COMES NOW the Plaintiff, Joshua J. Robinson, by counsel, Colby A. Barkes of the law firm of Blachly Tabor Bozik & Hartman LLC, and demands trial by jury.

Respectfully submitted,
**Blachly, Tabor, Bozik & Hartman, LLC**


Colby A. Barkes (Atty. #26251-64)
56 Washington St., Suite #401
Valparaiso, IN 46383
Ph. (219) 464-1041
Fax (219) 464-0927
cabarkes@btbhlaw.com
Attorney for Plaintiff

13